WINDSOR,
*February,*
1842.

Earl
*v.*
Leland.

---

WILLIAM EARL *v.* JOHN H. LELAND, principal debtor, and
AARON P. LELAND, trustee.

Where a person was summoned as trustee in a justice's court, in a suit not appealable by the principal debtor, and the trustee was made chargeable and appealed to the county court, the appeal, on motion, was dismissed,— the trustee having no right to an appeal.

ASSUMPSIT, on a promissory note, dated July 30, 1840, given for $13.38, by the principal debtor to the plaintiff, in which Aaron P. Leland was summoned as trustee. The suit was brought before a justice of the peace. Judgment was rendered in the justice's court that the trustee was chargeable in the sum of $16.87, and the trustee appealed to the county court.

On the entry of the appeal in the county court the plaintiff moved to dismiss the suit on the ground that the action was not appealable, and thereupon the county court dismissed the suit and the trustee excepted to the decision.

*S. Fullam, Jr.,* and *R. Richardson,* for trustee.

We insist that the trustee had the right to appeal from the decision of the justice.

The fifty-seventh section of the trustee act provides that if either party shall appeal from the decision of the justice, the same proceedings shall be had in the county court as though the case had been originally brought there.

The fifty-fifth section provides that he shall not be adjudged trustee unless he shall have more than ten dollars in his hands.

The sixty-third, sixty-fourth and sixty-fifth sections provide for a trial between the plaintiff and trustee which may be legally had without the consent, and even without the knowledge, of the principal defendant.

We believe that from a careful examination of the different sections of the trustee act it will be seen that the trustee is a party within the meaning of the act, and entitled to an appeal ; otherwise he may be adjudged trustee contrary to law, and be imprisoned without even the poor privilege of obtaining a discharge by the poor debtor's oath. Sec. 37, Trustee Act.

The words ' principal defendant,' so often used in the trustee act, clearly imply that there is another defendant besides the ' principal.'

In Massachusetts, under a statute similar to ours, it has been decided that a trustee may appeal, except, plead in abatement, or sustain a writ of error. *Purple v. Clark*, 5 Pick. 206. *Piper v. Willard*, 10 Pick. 34. *Richards v. Allen*, 8 do. 405.

A trustee can plead in abatement. *Leach v. Cook, trustee of Wheeler & Swallow*, 10 Vt. R. 239. 17 Pick. 166. He may maintain a writ of error for the same cause. 6 N. H. R. 217.

The case of *Huntington v. Bishop*, 5 Vt. R. 186, merely decides that a trustee cannot review nor have a trial by jury. It is not even intimated that he is not a party and the decision rests upon the ground that the act granting a review was made antecedent to the trustee act.

Trustees have been permitted, in numerous reported cases in this state, to except to decisions of the county courts, and the right of excepting is as much confined to parties as is the right of appeal. Rev. Stat. 164, §36.

II. If we adopt the doctrine contended for, any person may be deprived of an appeal where thousands of dollars are depending and, by a sort of judicial robbery, be deprived of his all, and that, too, where the principal defendant would not dare to sue him for a cent over ten dollars.

We insist that the trustee loses nothing by being compelled to litigate the claim of the principal defendant in this form of action, which he would have if sued by the principal defendant.

WINDSOR,
*February,*
1842.

———

Earl
*v.*
Leland.

But it is said the action against the principal defendant was not appealable and could not have been appealed by him.

That is true, if the plaintiff had not joined the trustee; but having done so, the action is appealable at all events, as between him and the trustee; for the matter in demand must exceed ten dollars or the trustee suit cannot be sustained.

*L. Adams,* for plaintiff.

This was not an appealable action, it being instituted upon a note of an amount not exceeding twenty dollars. See Rev. Stat. 175, §51.

Neither the plaintiff nor the principal debtor had the right of appeal, and if this appeal is sustained, it is virtually giving a paramount right to the trustee. But if it is conceded that the plaintiff and principal debtor had the right of appeal in this case, then indeed it settles the doctrine that all trustee actions are appealable without regard to the amount of the claim.

It is clear that no appeal could be had in this case by the principal debtor, and will it be said that a part of the suit can be appealed whilst the other part remains with the justice? But if it is contended that the whole action is brought up, then it would subject the principal debtor to an increased taxation of cost in the county court without his assent.

We insist that *no* trustee action brought before a justice of the peace can be appealed *by the trustee.*

The right is not given by the statute. All that is said on the subject is contained in the fifty-seventh section of the trustee act.

The trustee has never been regarded as a *party* to the action. *Huntington* v. *Bishop,* 3 Vt. R. 515; do. 5 Vt. R. 186. *Baxter & Edmunds* v. *Vincent,* 6 Vt. R. 674. *Emerson & Petrie* v. *Petrie,* 9 Vt. R. 275.

The finding of the court against the trustee is not a *judgment* but a mere *inquest. Aldis* v. *Hull,* 1 Dan'l Chip. R. 309.

The opinion of the court was delivered by

ROYCE, J.—This action was commenced before a justice of the peace, and appealed by the trustee to the county court, where it was dismissed as not being legally appealable,

It appears that the plaintiff declared against the principal debtor upon a promissory note for less than twenty dollars. As between them the suit was not appealable.

It is not perceived how the supplemental process against the trustee could have the effect to change the action or to render it any thing more or less than an action, founded on the principal debtor's note. And whilst it remains such, the right of appeal is expressly taken away by statute.

Whether the trustee has ever a right to claim an appeal for himself in appealable actions, is a question not properly involved in this case, since the present action was not appealable. Suffice it, therefore, to say, that the right to appeal an action from a justice's court is given to a *party*. And though the trustee is a party in interest to *certain proceedings in the cause*, the general impression has hitherto been that he was not a party to the *action*, within this provision of the statute.

Judgment affirmed.

NOTE.—It was several times decided, upon the last circuit, that, under the revised statutes, a person summoned as trustee before a justice of the peace, was not, in any case, entitled to an appeal from the decision of the justice making him chargeable.

To remedy this supposed defect in the law, the legislature, at their session in October, 1842, passed an act authorizing an appeal from the decision of a justice of the peace, adjudging a person trustee, to the county court, under the same regulations prescribed by law in ordinary cases of appeal. See pamphlet laws of 1842, p. 17.